1  ALECIA W. WINFIELD, Bar No. 209661
   awinfield@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, California 90067.3107
   Telephone: 310.553.0308
4  Facsimile: 310.553.5583

5  LEAH E. PETERSON, Bar No. 313302
   lpetereson@littler.com
6  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
7  Suite 800
   Irvine, CA 92612
8  Telephone: 949.705.3000

9  Attorneys for Defendant
   GARY D. NELSON ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRICK MOORE, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GARY D. NELSON ASSOCIATES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   4:20-CV-9150<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(A) AND 1446** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT     1.

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JERRICK MOORE AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, defendant GARY D. NELSON ASSOCIATES, INC ("Defendant"), by and through undersigned counsel, hereby removes the action described below from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Division. This Removal is based on the original jurisdiction of the District Court over the parties under 28 U.S.C. §§ 1331, 1441(a) & 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331, the existence of a federal question herein. Defendant makes the following allegations in support of its Notice of Removal:

I. STATEMENT OF JURISDICTION

    A. FEDERAL QUESTION JURISDICTION

1. This Court has original jurisdiction over this matter because it arises under the laws of the United States. 28 U.S.C. §§ 1331.

2. "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court must abide by the "well pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

3. This case plainly arises under federal law. The first and only cause of action in Plaintiff's Complaint – for failing to make proper disclosures and failing to obtain proper authorization – specifically, unambiguously and expressly allege violations of federal statutes, namely, the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*.). See Complaint ¶¶ 24-36. As a result, the Complaint seeks a determination of whether Defendant violated federal law. Thus, this Court has original jurisdiction over this action.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT

2.

4. Because this court has original jurisdiction over this case, removal of this case to federal court is proper. 28 U.S.C. § 1441(a).

## II. VENUE

5. The action is pending in the Superior Court of California for the County of Alameda. Thus, it is proper for Defendant to remove this action to the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ § 84(c), 1391(a) and 1441(a).

## III. PLEADINGS, PROCESS AND ORDERS

6. On October 19, 2020, Plaintiff Jerrick Moore ("Plaintiff") filed a Class Action Complaint against Defendant and various Doe defendants in Alameda Superior Court: *Jerrick Moore v. Gary D. Nelson Associates, Inc.*, Case No. RG20078452 (hereinafter, the "Complaint"). The Complaint alleges one cause of action for Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act).

7. On November 18, 2020, Plaintiff served Defendant via its registered agent for service by process server the Summons, Complaint, and Civil Case Cover Sheet. True and correct copies of these documents are attached to the Declaration of Alecia W. Winfield ("Winfield Decl.") hereto as Exhibits A, B, and C, respectively.

8. On December 8, 2020, Plaintiff filed a Notice of Hearing regarding the Complex Determination Hearing and Case Management Conference. A true and correct copy of Plaintiff's Notice of Hearing is attached to the Winfield Decl. hereto as Exhibit D.

9. On or about November 18, 2020, Plaintiff served Defendant's registered agent with a copy of the Summons and Complaint. On November 23, 2020, Plaintiff filed a Proof of Service of Summons. A true and correct copy of Plaintiff's Proof of Service of Summons is attached to the Winfield Decl. hereto as Exhibit E.

10. On December 16, 2020, Defendant timely filed its Answer with the Superior Court, a true and correct copy of which is attached to the Winfield Decl. hereto as Exhibit F.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT

3.

11.  Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings and orders served on Defendant or received by or filed by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party. To Defendant's knowledge, no proceedings related hereto have been heard in Los Angeles County Superior Court.

## IV. INDIVIDUAL AND DOE DEFENDANTS

12.  No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. Doe Defendants designated 1 to 50 are fictitious, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (general rule that all defendants in state action must join in removal only applies to defendants served in the action); *Republic Western Ins. Co. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal.").

## V. TIMELINESS OF REMOVAL

13.  This Notice of Removal is timely filed as it is filed within thirty (30) days of November 18, 2020, the date of service of the Summons and Complaint. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

14.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Shaun Setareh (shaun@setarehlaw.com) and David Keledjian (David@setarehlaw.com), Plaintiff's counsel of record. In addition, a copy

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT

4.

of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California.

**VII. CONCLUSION**

15. Removal of this action is therefore proper as the claims arise under a federal statute. 28 U.S.C. §§ 1331.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, County of Alameda, to the above-entitled Court.

Dated: December 17, 2020

*/s/ Leah E. Peterson*
ALECIA W. WINFIELD
LEAH E. PETERSON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
GARY D. NELSON ASSOCIATES, INC.

4846-8537-8515.2 014358.1129

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                5.